## John Greer, Appellant, v. Harry G. Tyson.

*Negligence—Collision between wagon and bicycle.*

In an action to recover damages for personal injuries, plaintiff testified that he was riding a bicycle in a westwardly direction on the north side of the street; that as he approached a crossing, defendant's driver, going at a reckless speed, was apparently turning his wagon from the cross street to go southwardly into the street upon which plaintiff was riding; that plaintiff turned out towards the east to give way to the wagon, when the driver suddenly changed his direction and ran into and injured plaintiff. On cross-examination, however, plaintiff testified that another bicycler who was coming south, on seeing the wagon, turned into the center of the street; that his wheel touched the back of plaintiff's wheel and that both of them fell together, and the horse went over them. *Held*, that a nonsuit was properly entered.

Argued March 24, 1898. Appeal, No. 6, Jan. T., 1898, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1897, No. 779, refusing to take off nonsuit. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries inflicted upon plaintiff by defendant's servant. Before FINLETTER, P. J.

At the trial plaintiff described the accident as follows:

" A. On the 17th day of June, 1897, between half past six and seven o'clock, I was riding on Diamond street on the north side, going west, and when I came near to the corner of Diamond and Marshall streets, I heard the noise of a horse and wagon, and I looked and saw the wagon coming at a reckless speed, and the horse's head was towards my corner. I first thought I would jump off my wheel, and I thought it would not be safe because the horse was going so fast I would not have time to move the wheel or myself, and I had not time to turn up Marshall street. I called to the driver when I saw him, to look out, and loud enough for another man across Marshall street to hear me, and, as I said that, I moved into the center of the street, thinking the man was going east, and when I got to the other place this young man ran into me, and the three of us went down in the street. Q. He was going east, and you were going west? A. Yes, sir. Q. Was it the center of Diamond

street at Marshall street that it occurred? A. Yes, sir. Q. His actions were such as to let you think that he was going to turn eastward into Diamond street on the north side? A. Yes, sir. Q. And he swerved around, and you came together? A. Yes, sir. I saw him coming my way, and I called to him, and I turned to give him more room. The horse jammed me on the left leg, and the wheel went right over my right leg, and the horse struck me with his foot in the hip and chest. The wheel of the wagon went over my right leg."

On cross-examination plaintiff testified as follows:

" Q. When he turned the horse's head, the wagon had not crossed Diamond street? A. Not at the time I saw the horse's head turn. Q. What portion of the wagon did you strike with your wheel? A. I did not strike any. Q. You did not touch the wagon? A. No, sir. Q. There was a bicycle rider coming from the west towards the east? A. Yes, sir. Q. And in consequence of your turning out, from the right-hand side, you collided with the bicycle on the other side? A. No, sir. Q. Do you swear that you did not collide with that bicycle? A. No, sir. Q. Then what did you collide with? A. When I moved out into the center of the street this young man was coming along, and he got to the same place I did. Q. If you did not collide with the wagon or bicycle with what did you collide? A. The horse and the bicycle and myself all collided in a lump The horse tramped on me, and we all went down in a lump. Q. What was the cause of you all falling together? A. The horse came on top of us. Q. You had not touched the wagon yet, and you say you did not touch the bicycle—how did you come to be injured? A. If you will let me explain, I will. When I came out into the middle of the street to give the man room to go around the corner, the other young man saw the wagon as though it was going to turn the corner, and he came into the center of the street also, and his wheel touched the back of my wheel, and two of us went down and the horse went over us."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Thomas A. Fahy*, for appellant.—Where plaintiff, on part of

his testimony, is entitled to go to the jury, and on the other part is not, the case must go to the jury, whose province it is to reconcile the conflicting statements: Glase v. Philadelphia, 169 Pa. 488; Ely v. Ry., 158 Pa. 233.

Whether that natural and continuous sequence of events which is necessary to fix responsibility for an injury upon the author of a negligent act has been proved is ordinarily a question for the jury: Wood v. R. R., 177 Pa. 306; Vallo v. Express Co., 147 Pa. 404; Sprowls v. Morris Twp., 179 Pa. 219; Hill v. Trust Co., 108 Pa. 1.

*Frederick Beyer*, for appellee.—Defendant cannot be responsible for an injury which results by plaintiff's own disregard of duty in attempting to pass by in front of an approaching team or car: Chilton v. Cent. Traction Co., 152 Pa. 425; Flanagan v. Pass. Ry., 163 Pa. 102.

The evidence of fast driving was merely suppositions, and must have but little weight, especially when made by one who seemed to know so little of his accident and its surroundings: Francisco v. Troy, etc., R. R., 78 Hun, 13; Cotton v. Wood, 8 C. B. N. S. (98 E. C. L. R. 573), Aiken v. Penna. R. R., 130 Pa. 380.

That there was contributory negligence in this case is fully established by the following cases: Thomas v. Citizens' Pass. Ry., 132 Pa. 504; Carson v. Federal St. & Pleasant Val. Ry., 147 Pa. 219; Wheelahan v. Phila. Traction Co., 150 Pa. 187; Butler v. Gettysburg, etc., R. R., 126 Pa. 160.

PER CURIAM, April 4, 1898:

This appeal is from the refusal of the court below to take off the judgment of nonsuit that was ordered by the learned trial judge. A careful consideration of the evidence has not convinced us that there was any error in the refusal of which the plaintiff complains. A discussion of the testimony is unnecessary. It would consume time to no useful purpose.

Judgment affirmed.