# Jesse W. Collins v. The Second Avenue Traction Company, Appellant.

*Contributory negligence—Employee's conduct in a railway car barn.*

An employee of a railway company in seeking egress from the car barn is guilty of contributory negligence when, out of three possible places of egress, he selected the only one of visible danger.

*Street railway—Degree of care imposed on employees.*

The degree of care of an employee of a railway company in traversing or departing from a car barn where he is employed is no less than that imposed on users of the highway and his duty imposes the obligation to use reasonable care for his own safety and to avoid an apparent danger.

Argued April 12, 1898.    Appeal, No. 83, April T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1896, No. 700, on verdict for plaintiff.    Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Reversed.

Trespass.    Before COLLIER, J.

It appears from the evidence that the plaintiff went to the car barn of the traction company to ask for work, he being an "extra" conductor, and that having been informed there was no car for him, he started out and in passing out he was struck by a certain car.    Plaintiff alleged that he would not have been struck and injured if the motorman had not failed to sound the gong, and alleged negligence in the motorman in not sounding the gong, which resulted in his injury.    The evidence was undisputed that there were two other exits from the car barn which could have been used with perfect safety.    That the exit which plaintiff elected to depart by, required him to use a space of but a few inches where, if the car should move, he must inevitably be crushed, and that the car started while he was endeavoring to pass out.    It was also undisputed that plaintiff was familiar with the tracks and entrances of the car barn.    The court left the question of defendant's negligence and plaintiff's contributory negligence to the jury.

Verdict and judgment for plaintiff for $500.    Defendant appealed.

*Error assigned* among others was refusal of binding instructions in favor of defendant.                                              °

*M. W. Acheson, Jr.*, with him *Geo. C. Wilson* and *Wm. D. Evans*, for appellant.—The doctrine of fellow-servants bars the plaintiff's recovery : Wharton on Negligence, sec. 204 ; Keyes v. Penna. Co., 3 Atl. Rep. (Pa.) 15 ; O'Brien v. R. R. Co., 138 Mass. 387 ; Justice v. Penna. Co., 6 Amer. R. R. and Corp. Rep. 56.

The plaintiff was guilty of contributory negligence under the uncontradicted evidence : Railroad Co. v. McClurg, 56 Pa. 294 ; Mulherrin v. R. R. Co., 81 Pa. 366.

There was no evidence of negligence on defendant's part. The first requisite in establishing negligence is to show the existence of the duty which it is supposed has not been performed : Cooley on Torts, 659.

The defendant owed no duty to the plaintiff to sound the gong or give the motorman a signal to start. The signal to start was a matter entirely between the motorman and his conductor, and the purpose of sounding the gong was to warn people in front of the car, not those behind it. In this case the motorman had a clear track, and it was his business to keep his eyes in front of him.

*W. G. Guiler*, of *Woodward & Guiler*, for appellee.—The only question involved in this case is whether the plaintiff in contemplation of law is a fellow-servant with the motorman who started the car out of the car barn, and whose negligence and carelessness in doing so caused the injury to the plaintiff.

Under the evidence in this case the court committed no error . . in submitting the same to the jury, and the jury found that the defendant company was responsible for the injury. The relation of master and servant did not exist between the plaintiff and defendant at the time the plaintiff received the injury : Baird v. Pettit, 70 Pa. 477 ; McNulty v. Railroad Co., 182 Pa. 479.

OPINION BY PORTER, J., May 17, 1898 :

The contention in this case seems to have centered on the proposition that the plaintiff cannot recover because his injuries

were caused by the alleged negligence of a fellow servant. The peculiar facts presented make the question thus raised an interesting one but not one whose determination is necessary to a decision of this case. Nor need the matter of the alleged negligence of the defendant be discussed, inasmuch as the testimony discloses such contributory negligence on the part of the plaintiff as should of itself have led the court below to direct a verdict against him.

At the time of his injury the plaintiff was an " extra " conductor, thoroughly familiar with the construction and management of the defendant's car-barn. He was leaving the barn at noon after ascertaining that he was not then needed. He had two doors out of which he might pass. Each of them was some ten or twelve feet wide. Through these doors ran the tracks of the defendant company. The further door was unobstructed. The nearer door was partially obstructed by a motionless car which the plaintiff knew was about to be started out. On the left side of this car there was room for him to pass out safely. He chose the right side of the car to attempt to pass out, where the space was but a few inches and where if the car should move he must inevitably be crushed. The car started. The plaintiff was caught between it and the side of the doorway and injured.

He might safely have gone out by the unobstructed door, or in the space to the left of the standing car. He himself says that the space " would be greater at the other side than it was at the side at which I attempted to go out." It is plain that out of three possible places of egress he selected the only one of visible danger.

He was on the premises, as he contends, rightfully, and while demanding that the defendant be held for the results of negligence, he cannot escape the reciprocal obligation to exercise care on his own part.

The degree of care to be required of the plaintiff under the facts of this case is no less than that imposed on users of the highways. Their obligation has been expressed in Dickson v. Hollister, 123 Pa. 421, thus: " It is the duty of every pedestrian upon a public highway to use reasonable care for his own safety and to avoid an open or apparent danger." Quoted with approval in Lumis v. Traction Co., 181 Pa. 268. On all

the testimony in the case it is plain that the plaintiff knowingly and needlessly put himself into a position of apparent danger. It is no excuse for the plaintiff's rashness that the employees of the defendant company were in the habit of leaving the building by the method attempted by this plaintiff. That some persons are willing to put themselves in positions of palpable peril, is no justification to their imitators, who must bear the unfortunate results of their rashness.

The fourth assignment of error is sustained and the judgment is reversed.