## Charles Henry Sauers, by his Father and next Friend, Charles Sauers, Appellant, *v.* The Union Traction Company.

*Negligence—Street railways—Bicycles.*

In an action against a street railway company by a bicycler to recover damages for personal injuries, the plaintiff is not entitled to recover where it appears that he suddenly turned and rode upon the track in front of a car running at a reasonable rate of speed, and that the motorman did all in his power to stop the car, but that the close proximity of the car to the plaintiff when he attempted to cross the track ahead of it made the collision inevitable.

Argued Jan. 17, 1899. Appeal, No. 145, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1898, No. 869, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed. STERRETT, C. J., dissents.

Trespass to recover damages for personal injuries.

At the trial it appeared that on May 18, 1896, at about half past nine o'clock in the morning, the plaintiff, a young man about twenty years old, was seriously injured in a collision with one of defendant's cars. At the time of the accident plaintiff was riding a bicycle northward on the north side of Lancaster avenue. At a point east of Forty-Second street, to avoid some wagons, he turned in between the rails of the up track, and continued therein until he reached the center of Forty-Second street. He then attempted to cross the down track, but seeing a wagon ahead of him he swerved back upon the up track, and was struck by the car which injured him. The evidence showed that the car was not run at an unreasonable speed, and that the motorman used every effort to prevent the collision.

The court directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*M. Hampton Todd,* for appellant.—The speed of the car was

excessive: Ry. Co. v. Mulhair, 6 W. N. C. 508; Dunseath v. Traction Co., 161 Pa. 124; Evers v. Traction Co., 176 Pa. 376; Thatcher v. Traction Co., 166 Pa. 66; Ehrisman v. Harrisburg Ry. Co., 150 Pa. 180; Smith v. Traction Co., 3 Pa. Superior Ct. 129; Callahan v. Traction Co., 184 Pa. 425; Christian v. Ice Co., 3 Pa. Superior Ct. 320; Booth, Street Ry. Law, sec. 311; Aaron v. Second Ave. Ry. Co., 2 Daly, 127; Fenton v. Second Ave. Ry. Co., 56 Hun, 99.

The plaintiff was not guilty of contributory negligence: Sprowls v. Morris Twp., 179 Pa. 219.

*Thomas Leaming*, with him *William Henry Lex*, for appellee. —There was no sufficient affirmative evidence that the accident was caused by any negligence of the defendant, and the learned court was correct in giving binding instructions: Hestonville, etc., R. R. Co. v. Kelley, 102 Pa. 115; Sekerak v. Jutte, 153 Pa. 117; Flanagan v. People's Pass. Ry. Co., 163 Pa. 102; Fleishman v. Neversink Mountain R. R. Co., 174 Pa. 510; Funk v. Electric Traction Co., 175 Pa. 559.

The plaintiff was guilty of contributory negligence: Buzby v. Traction Co., 126 Pa. 559; Carson v. Federal St. Ry. Co., 147 Pa. 219; Nugent v. Phila. Traction Co., 181 Pa. 160; Blaney v. Phila. Traction Co., 184 Pa. 524; Robertson v. Penna. R. Co., 180 Pa. 43; Taylor v. Union Traction Co., 184 Pa. 465; Nicodemus v. McMullin, 185 Pa. 531; Beach v. Parmenter, 23 Pa. 196; Grier v. Sampson, 27 Pa. 183; P. &. R. R. Co. v. Adams, 89 Pa. 31; Aiken v. Penna. R. Co., 130 Pa. 380.

OPINION BY MR. JUSTICE McCOLLUM, December 30, 1899:

In this case the court below, upon a careful consideration of all the evidence, directed the jury to render a verdict for the defendant. The direction was based on the failure of the plaintiff to establish negligence on the part of the company. The court was also of the opinion that the alleged speed of the car was not the cause of or had anything to do with the accident. It being clear to the court that the testimony of the plaintiff, and that of the witnesses called by him, was not sufficient to charge the motorman with negligence, it was not deemed necessary to determine whether the plaintiff was properly chargeable with

it.   His failure to establish a fact essential to the maintenance of his suit was in itself sufficient to defeat a recovery.

A careful examination of the evidence in the case shows that the plaintiff was partially if not wholly responsible for a condition which resulted in the collision complained of.   It was sudden and unexpected, and the motorman could not have foreseen it.   Previous to the discovery of it he had a clear track, and no reason for apprehending the disaster that immediately followed it.   The probability is that the plaintiff, on discovering the position and direction of the wagon which he seems to have regarded as an obstruction to his passage in the direction he was riding, lost his self-possession and dashed in the direction which brought him in contact with an approaching car.   The moment he appeared near to or upon the defendant company's track, in his effort to cross ahead of the car, the motorman, observing his position and the danger he was exposed to, did all in his power to prevent a collision.   His efforts in this direction were unavailing and the plaintiff was struck by the car a moment before it was stopped.

The court below did not err in the conclusion reached there respecting the charge of negligence on the part of the defendant company or its employee.   It was not shown that the speed of the car, when the plaintiff turned to cross the track in front of it, was unreasonable, but it plainly appeared in the evidence presented by him that no effort was spared by the motorman to stop it.   It was the close proximity of the car to the plaintiff in his attempt to cross the track ahead of it that made the collision inevitable.   It was not the fault of the motorman that the plaintiff suddenly and unexpectedly came upon the track in front of the car.   We are of the opinion therefore that the court below rightly held that the plaintiff's suit was not maintainable on the evidence presented by him.   The cases are numerous which deny a recovery upon such a state of facts as is disclosed in the case at bar.

Judgment affirmed.