## Annie T. Watkins, Appellant, *v.* Union Traction Company.

*Negligence—Street railways—" Stop, look and listen."*

The fact of instantaneous collision between a pedestrian and a street car, when there is a clear view of the track, rebuts the presumption of compliance with legal duty, and convicts the party crossing of contributory negligence.

Argued Jan. 18, 1900.    Appeal, No. 294, Jan. T., 1899, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 343, refusing to take off nonsuit.    Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for death of plaintiff's husband.

At the trial it appeared that on November 16, 1896, John T. Watkins, husband of defendant, was killed by an electric car at the crossing of Market and Thirtieth streets in the city of Philadelphia.    The accident occurred at 5 o'clock in the afternoon.    The deceased was struck at the instant he stepped upon the track.    The car was well lighted, and had a head light on the end, and there was no obstruction to the view at the point where the accident occurred.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*W. Horace Hepburn,* for appellant, cited McGovern v. Union Traction Co., 192 Pa. 344; Callahan v. Traction Co., 184 Pa.

425; Streitfeld v. Shoemaker, 185 Pa. 265; Bodge v. Philadelphia, 167 Pa. 492; Muscarro v. R. R. Co., 192 Pa. 8.

*Thomas Leaming,* with him *Thad. L. Vanderslice,* for appellee, cited Meyers v. B. & O. R. R. Co., 150 Pa. 386; Flanagan v. P., W. & B. R. R. Co., 181 Pa. 237; Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492; Baker v. Penna. R. Co., 182 Pa. 336; Coppuck v. P., W. & B. R. R. Co., 191 Pa. 172; Thomas v. Citizens Pass. Ry. Co., 132 Pa. 504; Carson v. Federal St., etc., Ry. Co., 147 Pa. 219; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519; Rauscher v. Phila. Traction Co., 176 Pa. 349; Blaney v. Electric Traction Co., 184 Pa. 524; Smith v. Electric Traction Co., 187 Pa. 110; Warner v. Peoples' Street, Ry. Co., 141 Pa. 615.

Per Curiam, February 5, 1900:

The only witness who saw the actual collision of the car and the plaintiff's husband, testified that at the instant he set foot on the track he was struck by the approaching car. The undisputed testimony was that the car was well lighted and had a head light on the end, and was plainly visible to any one about to cross the street at the place of the accident. There was no obstruction of any kind to the view of the foot passenger, and all the facts in evidence show, beyond any possible question, that the deceased did not either stop, look or listen for any approaching car after leaving the curb on his way across the street. The case is not only ruled by Blaney v. Electric Traction Co., 184 Pa. 524, but by a host of decisions in which we hold that the fact of instantaneous collision, when there is a clear view of the track, rebuts the presumption of compliance with legal duty, and convicts the party crossing of contributory negligence as a conclusion of law.

Judgment affirmed.