## Catherine McCauley *v.* The Philadelphia Traction Co., Appellant.

*Street railways—Contributory negligence—Rule of Carroll v. R. R.*

The rule to "stop, look and listen" applicable to the crossing of steam roads, applies only in part to the crossing of street railways. There is always the duty to look for an approaching car and if the street is obstructed to listen, and in some situations to stop, and a plaintiff must be held to have seen that which was obvious.

The facts being undisputed the defendant was entitled to binding instructions when it appears that plaintiff in crossing a street was struck by the car just as she stepped upon the track, the view of which was unobstructed. Carroll v. R. R. followed.

Argued Dec. 12, 1899. Appeal, No. 75, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1893, No. 145, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. OPINION BY RICE, P. J.

Trespass for personal injuries. Before WILLSON, J.

It appears from the undisputed testimony that the plaintiff, a woman, walking north in the daytime on the west side of Twentieth street, Philadelphia, came in contract with a car moving west on Catherine street at the instant she put her foot on the track. She did not look for approaching cars. There

was no obstruction to view if she had looked, and the coming car was observed by others.   The speed of the car was ordinary.

Defendant submitted the following points which were refused by the trial judge :

[2. If the jury believe that the plaintiff was struck by the Catherine street car as soon as she put her foot across the railway track of the defendant on Catherine street, the jury must conclude that she did not look or listen for the approach of the car by which she was so struck and injured, and she is, therefore, guilty of contributory negligence, and the verdict should be for the defendant.] [1]

[4. Under all the evidence the verdict should be for the defendant.] [12]

Verdict and judgment for plaintiff for $700.   Defendant appealed.

*Errors assigned* were (1, 2) refusal of the second and fourth points of defendant, reciting same.

*Thomas Leaming*, for appellant.

*Maxwell Stevenson*, for appellee.

OPINION BY RICE, P. J., April 23, 1900 :

This accident occurred at the intersection of Catherine street and Twentieth street in the city of Philadelphia.   The plaintiff was going north on the foot walk on the west side of Twentieth street.   The defendant's car was going west on Catherine street.   The plaintiff was not called as a witness, and none of the witnesses called in her behalf, excepting one, saw her until after she had been struck by the car.   The witness referred to testified as follows : " Q. Where was she?   A. The car was going out west and she was going north, and as soon as she came up the car struck her.   Q. As soon as she put her foot across the track the car struck her; is that right?   A. Yes, sir ; that is right.   Q. And the car was then going about its regular speed ?   A. No ; a little slower.   Q. When you speak of the regular speed you mean between streets, I suppose ?   A. Yes, sir ; that is what I mean. . . . Q. As this lady first came in your vision there, she was just stepping over the south rail, was she not ?   A. Yes,

sir. Q. You had not seen her before that at all? A. No, sir. Q. She was looking just in the direction you were, north, was she not? A. That is the way she was going. Q. And she was looking the way she was going? A. Yes, sir." It is to be observed that this was the testimony of the plaintiff's witness, and that he was not contradicted nor discredited in any way. It is to be observed further, that the accident occurred in the daytime, that the plaintiff's sight and hearing were good, and that there was nothing, as far as the testimony shows, to obstruct her vision or to distract her attention.

Assuming for the purposes of the case that the motorman did not sound the gong and that this was negligence, was not the plaintiff guilty of contributory negligence, according to her own showing? We do not think any better answer can be given to that question than by quoting from the charge of the learned trial judge. In connection with other very pertinent suggestions as to the duty of one about to cross a street upon which trolley cars run, he said : " The ground that the defendant takes here, and it is a perfectly proper ground to take, is that this woman did not exercise proper care ; that it was her duty, as she attempted to cross Catherine street, to look and listen to see whether a car was coming. That was her duty. There is no question about that. If she failed to exercise that duty, if she failed to pay that attention to the matter which an ordinarily prudent person would have done in her own interest, then she was negligent, and has no right to recover. If you believe the testimony of the witness who says that just as she stepped upon the track the car struck her, I do not see how you can fail to come to the conclusion that she was careless, because, if she had looked three feet from that point where she put her foot upon the track, she would have seen the car necessarily. She would have seen the car right there. The fact that she was an old woman makes no difference. The fact that she was a woman makes no difference. According to the testimony at that time she was in good possession of her faculties. One witness testified that she had threaded a needle that day. They speak of her as a woman bright and alert at that time."

Notwithstanding these explicit instructions, the jury not only rendered a general verdict for the plaintiff but found specially

that she was not negligent "in stepping upon the railroad track in front of the car." In arriving at this conclusion either they must have refused to credit the uncontradicted testimony of her own witness, or they must have determined that although she was struck by the car the instant she stepped upon the track, her act was not negligent. But we need not take up time in speculation as to the mental processes by which they arrived at the conclusion they did. In general, the plaintiff is not required to disprove contributory negligence, but only to make out a case clear of it. Unless, therefore, his negligence appears affirmatively, he is entitled to go to the jury on the general presumption that he exercised due care: Sopherstein v. Bertels, 178 Pa. 401. So, also, it has been held, that where his own testimony made out a clear case, the contradictory testimony of another witness would not destroy it as a matter of law, even though such witness had been called by himself: Kohler v. Railroad Co., 135 Pa. 346; Becker v. Railroad Co., 10 Pa. Superior Ct. 19. But where in the presentation of his own case the plaintiff adduces the positive testimony of an eyewitness of the accident, which is not contradicted nor discredited in any way, and permits but one inference, namely, that his negligence contributed to the injury, the jury is not at liberty to disregard the testimony and render a verdict in his favor on the general presumption that he exercised due care. Under the circumstances of this case it was not allowable for the jury, nor is it for us, to guess that the witness was mistaken when he testified that just as the plaintiff put her foot across the track the car struck her. There is no doubt nor uncertainty as to that fact arising out of any evidence, either direct or circumstantial, given in the cause. This being so, and there being no evidence to excuse or even explain her act, no other inference is possible than that she saw the car so perilously near that no prudent person would attempt to cross in front of it, or that, if she did not see it, it was because she did not look. In either case she was negligent, and under the authorities it was the duty of the court to so declare. The case comes fairly within the principle of Carroll v. R. R. Co., 12 W. N. C. 348, and cases following its lead. These are some of the street railway cases which bear more or less directly on the point: Buzby v. Traction Co., 126 Pa. 559; Carson v. Federal Street Pass. Ry., 147

Pa. 219; Warner v. Peoples Pass. Ry. Co., 141 Pa. 615; Ehris-man v. Harrisburg Ry. Co., 150 Pa. 180; Omslaer v. Pittsburg Traction Co., 168 Pa. 519; Nugent v. Philadelphia Traction Co., 181 Pa. 160; Blaney v. Electric Traction Co., 184 Pa. 524; Smith v. Electric Traction Co., 187 Pa. 110; Trout v. Altoona, etc., Ry. Co., ante, p. 17. Watkins v. Union Traction Co., reported in 194 Pa. 564, since the foregoing opinion was written, rules the case. In Callahan v. Traction Co., 184 Pa. 425, the law was stated thus: The rule to "stop, look and listen" applicable to the crossing of steam roads, applies only in part to the crossing of street railways. There is always the duty to look for an approaching car, and if the street is obstructed to listen, and in some situations to stop. . . . And the plaintiff must be held to have seen that which was obvious. Applying these principles to the undisputed facts of the case the defendant was entitled to binding instructions in its favor.

The judgment is reversed.