## Beer v. Clarion Township.

*Negligence—Townships—Bridge—Bicycle—Contributory negligence.*

Where a woman riding a bicycle goes upon a township bridge in broad daylight, with no obstruction ahead, and having the full width of the bridge, and having her wheel under control, so directs her bicycle, or permits it so to veer as to strike the guard log, whereby she is thrown into the stream and injured, she cannot recover damages for her injuries from the township, although there was no guard rail on the side of the bridge on which the accident occurred.

Argued May 6, 1901. Appeal, No. 97, April T., 1901, by de-

fendant, from judgment of C. P. Clarion Co., May T., 1899, No. 155, on verdict for plaintiff in case of Virginia Beer v. The Township of Clarion.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before CLARK, P. J.

The facts appear by the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $875.   Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

B. J. Reid and A. Geary, with them J. A. F. Hoy and F. J. Maffett, for appellant.—Upon her testimony plaintiff was not entitled to recover: Benton v. Phila., 198 Pa. 396 ; Crescent Twp. v. Anderson, 114 Pa. 643 ; Carswell v. Wilmington, 2 Marv. (Del.) 361 ; Pierce v. Wilmington, 2 Marv. 306 ; Richmond v. Courtney, 32 Gratt. 792 ; Sutphen v. North Hempstead, 30 N. Y. Supp. 128 ; Taylor v. Union Traction Co., 184 Pa. 465 ; Roberts v. N. Y., etc., R. R. Co., 175 Mass. 297 ; Trout v. Altoona Electric Ry. Co., 13 Pa. Superior Ct. 17 ; McCauley v. Phila. Traction Co., 13 Pa. Superior Ct. 354 ; Knowlton v. Augusta, 84 Maine, 572 ; Robb v. Connellsville Boro., 137 Pa. 42 ; Lumis v. Phila. Traction Co., 181 Pa. 268 ; Auberle v. McKeesport, 179 Pa. 322.

J. T. Maffett, with him W. A. Hindman and Don C. Corbett, for appellee.—The case was for the jury: Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573 ; Wilson v. O'Hara Twp., 14 Pa. Superior Ct. 258 ; Hays v. Gallagher, 72 Pa. 136 ; Foote v. American Product Co., 195 Pa. 190.

The want of a guard rail was the proximate cause of the accident: Yoders v. Amwell Twp., 172 Pa. 447 ; Bitting v. Maxatawny Twp., 177 Pa. 213 ; Boone v. East Norwegian Twp., 192 Pa. 206 ; Cage v. Franklin Twp., 8 Pa. Superior Ct. 89.

OPINION BY ORLADY, J., July 25, 1901 :

The plaintiff recovered a verdict against the defendant for

injuries sustained by her in falling over the side of a township bridge while riding a bicycle.

The defendant's third point, " Under all the evidence in this case the verdict must be for the defendant," was refused by the trial judge, and this is the only error assigned by the appellant.

The plaintiff was twenty-eight years of age, a well educated and intelligent young woman. She was familiar with the public road on which the accident happened and was accustomed to use a bicycle. She was in poor health at the time of the trial when she was subjected to a protracted examination as a witness and was also obliged to submit to a physical examination by selected physicians which evidently so perplexed and confused her as to cause her to make some inconsistent statements from the witness stand.

Her right to recover from the township depends on facts which must be established with reasonable clearness under the rules of law applicable thereto. Making every allowance for her condition, while giving full weight to the inconsistencies of her testimony and its variance with that of the defendant's witnesses, a fair consideration of her testimony leaves free from doubt or dispute all of the material facts and the inferences to be drawn from them on which the plaintiff relies. If her own testimony shows that she is not entitled to recover, her case is not improved by the testimony of any other witness, however direct and positive. She cannot complain if the court takes her case as she makes it for herself : Kohler v. Penna. Railroad Co., 135 Pa. 346. Her statement avers the cause of the accident to have been that the supervisiors of the township " on the day or immediately before the accident had placed a large quantity of loose fresh earth or clay in the public road on one side of the bridge, which she did not discover until she had arrived at it,—on the bridge, and in order to avoid this dirt through which she was unable to ride the bicycle she was compelled suddenly and quickly to turn and veer to the right and in doing so she was carried off and over the said bridge while still on her bicycle." The plaintiff's own testimony and that of other witnesses indubitably proves that the pile of loose dirt or earth was not placed on the bridge until after her accident, which happened in clear daylight on a bridge twelve feet wide and twenty-five feet long. It had a guard rail on its left-hand side and a guard log eight or ten

inches high laid along its right-hand side. She had the full width of the bridge to select from. The approach to it was a slight decline, down the steepest part of which she had walked and had again mounted her wheel a short distance from the bridge, which was in plain view. On entering upon the bridge she had her bicycle under her control and was riding at ordinary speed. When on the bridge she failed in directing her bicycle or it veered to the right and struck the log about half way across the bridge and she was thrown over its edge into the stream below. If it was negligence on the part of the township not to have a guard rail on the right-hand side of the bridge, it was so conspicuous a danger that a reasonable use of eyesight would have avoided it in the exercise of rational care and caution.

The language of the Supreme Court in Benton v. Philadelphia, 198 Pa. 396, bears directly on this case: " He was riding on his bicycle at the time he was injured, and if he had given proper attention to the operation of it, and had looked where he was going, he could have easily and safely avoided the occurrence of which he complains. It was an unfortunate occurrence but not such as would authorize a judgment against the defendant."

If as she says, " she did not think anything about the guard rails, did not pay any attention to that at all," her own inattention caused her to be indifferent as to which part of the twelve foot space she would occupy with her wheel. It was such a disregard of her own safety as will prevent her recovery from the township. She must be held to have seen that which was obvious and the law requires that she be reasonably observant of such apparent and imminent risks. On this question there is no conflict of authority: Trout v. Altoona, etc., Electric Ry. Co., 13 Pa. Superior Ct. 17 ; McCauley v. Phila. Traction Co., 13 Pa. Superior Ct. 354 ; Robb v. Connellsville Boro., 137 Pa. 42; Lumis v. Phila. Traction Co., 181 Pa. 268 ; Auberle v. McKeesport, 179 Pa. 322 ; Heister v. Fawn Township, 189 Pa. 253 ; Taylor v. Union Traction Co., 184 Pa. 465.

If it be true as urged by the appellee that " it is a tendency or habit of a bicycle, when undergoing changed conditions such as an abrupt down grade on to a plank floor from a clay road, to wabble or veer to one side or the other," it is an important fact of which the experienced rider must have knowledge

587, (1901).]                    Opinion of the Court.

so as to require special care according to the circumstances when the change of conditions are to be met. The bridge structure was in practical use and was not unsafe. No part of it gave way. She was not in a sudden peril by the act of the township but rode against the guard log so that she lost her balance and fell from the bridge. The wheel was fully under her directing control, and did not break so as to cause its deflection from a safe route. In such cases the law is clear, " considering the ease of dismounting and the control of the rider over his instrument, a bicycler must under all ordinary circumstances be treated as subject to the same rules as a pedestrian : " Robertson v. Penna. R. R. Co., 180 Pa. 43; Gould v. Union Traction Co., 190 Pa. 198; Sauers v. Union Traction Co., 193 Pa. 602.

The Act of April 23, 1889, P. L. 44, which entitled this plaintiff to the same rights and subjects her to the same restrictions as are prescribed by law in cases of persons using carriages drawn by horses, has no application to such a case as is presented by this record. It is to be regretted that such an accident should happen, but the plaintiff's evidence clearly shows that she could have safely used the bridge had she exercised reasonable care in observing what was plainly in her view and could have avoided all risk by taking or keeping a safe place nearer to the middle of the bridge.

The judgment is reversed.