# Geiger et al., Appellants, *v.* Garrett.

*Appeals—Evidence—Binding instructions—Charge.*

1. In considering whether or not a motion for binding instructions should have been given, all the oral testimony and inferences fairly deducible therefrom, which favor the party opposing the motion, must be accepted as true, and all those unfavorable to him rejected.

*Negligence — Automobiles — Signal — Turning at corner—Contributory negligence.*

2. The driver of a vehicle intending to turn into another street is guilty of negligence, if he does not give some signal of his intention so to do and he is liable if an accident results by reason thereof.

3. One who takes the chance of crossing in front of a rapidly approaching vehicle is guilty of contributory negligence, and cannot recover if he is injured in so doing.

*Negligence—Minor—Parent and child—Parties—Appeals—Act of May 12, 1897, P. L. 62.*

Under the Act of May 12, 1897, P. L. 62, a father may maintain a joint action in his own right and as next friend of his minor son, to recover for injuries to the latter; but it does not follow, and is not herein decided, whether or not he can maintain a joint appeal from a general judgment in favor of defendant as against both plaintiffs.

Argued March 15, 1921.   Appeal, No. 30, Jan. T., 1921, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., March T., 1918, No. 3862, on verdict for defendant, in case of Harry Geiger, by his next friend and father, Joseph J. Geiger, and Joseph Geiger in his own right, v. A. H. Garrett.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass for personal injuries.   Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

At the trial the court gave binding instructions for defendant.   Verdict and judgment for defendant.   Plaintiffs appealed.

*Error assigned,* inter alia, was instruction, quoting it.

*Francis M. McAdams,* with him *William H. Wilson,* for appellants, cited: Wright v. Mitchell, 252 Pa. 325; Piper v. Express Co., 270 Pa. 54.

*Edwin O. Lewis,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 11, 1921:

A father, in his own right and as next friend of his minor son, sued defendant to recover damages for alleged negligence, resulting in personal injuries to the son; a verdict was directed for defendant, and, judgment having been entered thereon, the two plaintiffs prosecute this single appeal.

All the evidence in the case was oral; and, hence, in determining whether or not binding instructions should have been given, we must accept as true all the testimony and inferences therefrom favorable to plaintiffs, and reject everything therein unfavorable to them: Mountain v. American Window Glass Co., 263 Pa. 181; Wiles v. Emerson-Brantingham Co., 267 Pa. 47. Thus viewed we find the facts to be as follows:

Defendant's automobile was traveling southward on Broad Street at a distance of about ten feet from its west curbline; between it and the curb the minor plaintiff, who was over fourteen years of age and an expert rider, was riding on his bicycle, the front wheel thereof being about opposite the chauffeur's seat in the automobile. The latter vehicle was moving at the rate of from six to eight miles an hour, and the minor was traveling at a slightly less rate of speed. When the automobile reached Fitzwater Street (the cartway of which was twenty-six feet wide), it turned thereon, at right angles and in a westwardly direction, without any signal being given of such intention; whereupon the minor, who says he saw it headed west, and was himself at the curbline of the street when it was at the middle thereof, also turned in the same direction and was "between the automobile and the north side of Fitzwater Street." His bicycle, he says, was then moving slowly, under "perfect control"; but, instead of wheeling to the north curb and waiting there until the oncoming automobile had passed, he continued diagonally across the street in front of it, and succeeded in passing nearly the entire distance in safety, the rear wheel of the bicycle being struck,

however, by the left front wheel of the automobile, resulting in the injuries to recover for which this suit was brought.

Under these facts the case was for the jury on the question of defendant's negligence. The chauffeur was in duty bound to anticipate the possibility of other vehicles being on the street between the car and the curbline of Broad Street, and hence was required to give some notice of his intention to make the turn, or else to wait until he was sure the way was clear so to do. But the minor also was required to exercise care. With his bicycle under "perfect control" and going slowly, he should have turned to and waited at the north curb of Fitzwater Street, until the automobile had passed, but instead of doing this,—possibly because of a desire not to travel further away from his home, which was southeast of this point,—he kept on across the street directly in the path of the approaching automobile, taking the chance of getting over in safety. We have many times said this is contributory negligence: Greer v. Tyson, 185 Pa. 356; Sauers v. Union Traction Co., 193 Pa. 602; Black v. Phila. Rapid Transit Co., 239 Pa. 463; Brown v. Phila. Rapid Transit Co., 252 Pa. 475; Wolf v. Phila. Rapid Transit Co., 252 Pa. 448; in the last of which our Brother WALLING cited a number of other cases on this point.

This conclusion obviates the necessity of considering whether or not this joint appeal could be sustained. The suit was properly brought as a joint action under the Act of May 12, 1897, P. L. 62, which, while providing for such an action, also provides for separate verdicts, separate judgments and separate executions, and says nothing on the subject of appeals. In all the respects stated, it is exactly like the Act of May 8, 1895, P. L. 54, relating to joint actions by husband and wife, in case of an injury to the latter, which, in Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258, was held to require separate appeals. The legislature which passed the act now under consideration found no difficulty in providing for

joint appeals when it had this intention: Act June 15, 1897, P. L. 154.

The judgment of the court below is affirmed.