## Payne, Appellant, *v.* West Chester Borough.

*Negligence—Borough—Bridge—Defective barrier—Contributory negligence—Nonsuit.*

1. It is the duty of a pedestrian upon a public street to look where he is going.

2. A nonsuit is properly entered in a suit by a pedestrian against a borough, where it appears plaintiff, a cripple, and at the time burdened with parcels, was using a bridge as a waiting place rather than a highway, after leaving the cartway on the approach to the bridge with which he was unfamiliar, walked on to a grass plot which extended to the edge of the bridge, and, stumbling, fell over a defective barrier, which he could have plainly seen, if he had looked, and was injured.

Argued February 22, 1922. Appeal, No. 25, Jan. T., 1922, by plaintiff, from order of C. P. Chester Co., Jan. T., 1918, No. 112, refusing to take off nonsuit, in case of John W. Payne v. West Chester Borough. Before FRA-ZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAF-FER, JJ. Affirmed.

Trespass for personal injuries. Before HAUSE, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to remove it. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Edwin Fischer,* of *Rose & Fischer,* with him *Truman D. Wade,* for appellant.—Plaintiff was not guilty of con-

tributory negligence: Burrell Twp. v. Uncapher, 117 Pa. 353; Boggs v. Tea Co., 266 Pa. 428; Kennedy v. Williamsport, 11 Pa. Superior Ct. 91; Boone v. Twp., 192 Pa. 206; Ramag v. Twp., 54 Pa. Superior Ct. 617.

*J. Paul MacElree,* with him *Ira Jewell Williams* and *Francis Shunk Brown,* for appellee.—Plaintiff was guilty of contributory negligence: Beer v. Twp., 17 Pa. Superior Ct. 537; Kohler v. R. R., 135 Pa. 346; Auberle v. McKeesport, 179 Pa. 321.

OPINION BY MR. JUSTICE WALLING, April 17, 1922:

Chestnut Street, an east and west street in the defendant borough of West Chester, crosses railroad tracks by an overhead bridge, reached by approaches at the ends. There is a retaining wall along the south side of the east approach, which, at the bridge, is fourteen feet high and capped by a coping, the top of which is eight inches higher than the surface of the street. Over the coping is a barrier consisting of a double row of galvanized iron pipe, supported by standards, the lower row being about sixteen and the upper one thirty-two inches above the coping. The approach is slightly wider than the bridge, and the adjoining section of the barrier, being about six feet long, curves in to the post at the corner of the bridge. For about a month prior to the accident in question the top rail of this section had been missing, which left the barrier at that point about two feet above the street. There was a sidewalk extending easterly from the bridge on the north side of the street, while on the south side there was no walk, but a grass plot six feet wide, over which the traveler must pass to reach the guard rail above mentioned. There was an arc light eighty feet to the west and another a considerable distance east, so that in the night the street and surrounding objects were plainly visible.

At about ten o'clock on the evening of August 11, 1917, the plaintiff, John W. Payne, while loitering near the

west end of the bridge waiting for a friend, walked up onto the bridge where he leaned some time against the south railing, then went east in the cartway and when opposite the curved barrier turned and walked across the grass plot intending to lean against, or rest upon, the guard rail, but unfortunately stubbed his foot against the coping and fell against a standard of the barrier with such violence as to knock out three teeth and then fell over the single curved rail to the ground below, sustaining other injuries for which this suit was brought.  Mr. Payne was using the bridge and its approaches as a waiting place rather than a highway and was somewhat handicapped by the previous loss of a foot and by the fact that he was carrying packages and had never been there before.  The trial judge granted a compulsory nonsuit, and the refusal to take it off forms the basis of this appeal by plaintiff.

In our opinion the case was rightly decided.  It is the duty of a pedestrian upon a public street to look where he is going: Lerner v. Phila., 221 Pa. 294; Kennedy v. Phila., 220 Pa. 273; Robb v. Connellsville, 137 Pa. 42; Benton v. Phila., 198 Pa. 396; Beer v. Clarion Twp., 17 Pa. Superior Ct. 537; and see Auberle v. McKeesport, 179 Pa. 321.  It was more incumbent upon plaintiff to look because of being crippled and a stranger there, and also because he was not walking in the cartway nor upon a sidewalk; for if the traveler must look where he is going, when using that portion of the highway prepared for him, he must certainly do so when straying outside thereof.  Yet, it is perfectly evident plaintiff could have seen the coping, the standards, the guard rails, and the absence of the top rail, had he looked.  He testified: "Q. You could see the lines of the railing in front of you? A. I just glanced at it.  Q. You just glanced at it, and you had no difficulty in seeing the lines of the railing? A. No, sir.  Q. So that if you had been looking at the point where this railing was, or ought to be, you would, of course, have seen there was no railing there?  A. Cer-

tainly. Q. This was a light colored metal? Light galvanized iron which showed up very plainly in the light? It reflected there against that dark back ground? A. A little. Q. There was no trouble in seeing it if you looked at it? A. No, sir......Q. You didn't pay any attention when you walked toward it as to whether or not between where you were looking and the bridge there was any rail or not? A. No, sir. Q. You did not look at all as to whether or not between you and the bridge there was any rail? A. No, sir. Q. Without knowing whether or not there was any railing to your left, between you and the main part of the bridge, you undertook to lean around on the railing that you thought was there? A. Yes, sir." According to his own testimony, plaintiff was guilty of such contributory negligence as defeats his action, and it is unnecessary to pass upon the other questions suggested in the record.

The order appealed from is affirmed.