## Shamburger et ux. v. City of Scranton

*M. J. Kolansky*, for plaintiffs; *A. A. Vosburg*, for defendant.

LEACH, J., May 17, 1933.—Plaintiff's statement of claim, filed nearly 3 years after the accident, sets forth that she was injured through a defect in the sidewalk into which she stepped in broad daylight. On the face of the statement, it would appear that she did not look where she was going, which it was her duty to do: Payne v. West Chester Borough, 273 Pa. 570, 572, and cases there cited.

The summons issued November 8, 1930, and the plaintiff's statement of claim was filed March 21, 1933. Thereupon the city moved for judgment of non pros, setting forth that the owner of the property has died since the accident and the property has passed into other hands. The estate of the former owner is insolvent. The city is unable to obtain the testimony of the deceased and make use of his knowledge of the facts in order to bring other witnesses who might be necessary for a defense.

We might hesitate in making a rule absolute if the plaintiff's statement disclosed a good cause of action. In view of the fact that the statement itself does not set forth a case free from contributory negligence of the plaintiff and the further fact of the prejudice to the defendant by a long delay in the filing of the statement, we believe this is a proper case to dismiss for want of due prosecution.

Now, May 17, 1933, the rule to non pros is made absolute.

From William A. Wilcox, Scranton, Pa.