## Slack, etc., et al. v. Crozier et al.

*Jacob A. Raub, Jr.,* and *Everett Kent,* for plaintiffs.
*Hogan & Scott,* for defendants.

LAUB, J., January 10, 1938.—This is an action of trespass wherein there are two joint plaintiffs, to wit: Marjorie Teel Slack, by her father and next friend, William Teel, and William Teel, in his own right. Defendant, Stephen W. Crozier, is the father of Ruth Alma Crozier, a minor. The City of Easton and The First National Bank & Trust Company were joined as parties defendant, as was Ruth Alma Crozier, a minor, by her guardian ad litem. At the time of the trial, compulsory non-

suits were entered in favor of the City of Easton and The First National Bank & Trust Company, and the trial judge affirmed defendants' point that there could be no recovery against Stephen W. Crozier. The only question submitted to the jury was on the question of the liability of Ruth Alma Crozier. The compulsory nonsuits in favor of The First National Bank & Trust Company and the City of Easton were properly entered because plaintiffs failed to prove any negligence on the part of either of these defendants, contributing to the injuries complained of. The affirmation of the point that there could be no recovery against Stephen W. Crozier was also correct, because it is the well-settled law of Pennsylvania that where the allegation is that the accident was caused by the minor child of another, there can be no recovery unless the evidence shows that the child at the time was engaged in the furtherance of the parent's business or pleasure, or was engaged in some matter in which the parent had a pecuniary interest.

The Act of May 12, 1897, P. L. 62, 12 PS §1626, provides in part as follows:

"But if both parent and child join in the suit, separate verdicts shall be rendered, one verdict determining the right of the child, and the other verdict determining the right of the parent, and separate judgments shall be rendered thereon with the right to separate executions."

The foregoing act of assembly is in all respects exactly like the Act of May 8, 1895, P. L. 54, 12 PS §1622, relating to joint actions by husband and wife. In case of an injury to the latter, said last-mentioned act provides

"but if both join in the suit, separate verdicts shall be rendered, one verdict determining the right of the wife and the other verdict determining the right of the husband."

Under the Act of May 12, 1897, supra, a father may maintain a joint action in his own right and as next

friend of his minor son, to recover for injuries to the latter: Geiger et al. v. Garrett, 270 Pa. 192.

It follows therefore that the joinder of plaintiffs in the instant case was proper and that separate verdicts were necessary.

We will discuss the verdicts as rendered. It was a sealed verdict, signed by the jurors, and setting forth as follows:

"And now to wit: April 21, 1937, we, the Jurors impaneled in the above entitled case, find defendant, Ruth Alma Crozier, guilty and award damages to William Teel in the sum of $69.00."

It will therefore be seen that although the jury was charged by the trial judge to find separate verdicts, yet this was not done. No new trial may be awarded to plaintiff, William Teel, in his own right. The evidence shows that the total amount of his expenses (and this was not disputed), including doctors' bills, hospital bills and other expenses, was $69. The trial judge charged, "So that if you find a verdict in favor of the plaintiff, your verdict would be for $69 in favor of William Teel".

The statement of claim sets forth that William Teel, the father, claimed damages in the sum of $369, $18 for loss of services of his daughter, the other plaintiff, $51 for medical expenses incidental to her injuries, and $300 for additional medical expenses incidental to her injuries which he will have to pay. However, there was no evidence that he had to pay any such amount of $300. Consequently, the verdict of $69 rendered in his favor was adequate under the evidence. However, the jury erred in not returning a verdict in that part of the action wherein Marjorie Teel Slack, by her father and next friend, William Teel, was plaintiff, and consequently, although she had a trial, her rights have not been adjudicated. An inspection of the prothonotary's records relative to this case shows that the only verdict entered is the one in the sum of $69 in favor of the father as aforesaid. Consequently, so that justice may be done to the

minor plaintiff, it is necessary to award a new trial as to her alone. That this can be done without granting a new trial to the father is shown by the case of Albertson et ux. v. Gordon, 27 Dist. R. 770. We therefore hold that the action was properly brought and regularly tried and that the verdict in favor of William Teel in his own right was proper and adequate, and that the allowance of the motion for a new trial in the minor plaintiff's case has no effect whatever on the verdict rendered in favor of the father in his own right.

And now, January 10, 1938, the motion for a new trial as to the case of Marjorie Teel Slack, by her father and next friend, is allowed and is denied with reference to plaintiff, William Teel, in his own right.

It is further directed that the prothonotary shall state the case on the trial list as follows: Marjorie Teel Slack, by her father and next friend, William Teel, v. A. Thurman Schlabach, Guardian ad litem of Ruth Alma Crozier, a minor, and shall place it on the trial list for trial in accordance with Court Rule 223, for the April term.