JOSEPH A. BUZBY v. PHILADELPHIA TRACTION CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADEL-
PHIA COUNTY.

Argued April 3, 1889—Decided May 27, 1889.

[To be reported.]

1. The plaintiff, a passenger upon a cable car, got out on the north side where he was in safety. Without waiting for the car to move on, or looking to the west from which direction danger was to be apprehended, he turned sharply around the rear of the car, and started to cross the street. There was room between the tracks for him to stand in safety, and see the whole track. Instead of looking, he stepped upon the south track, and was struck and injured by another car going east. He was properly nonsuited upon the ground of contributory negligence.

2. Due and ordinary care is to be exercised in crossing public streets, as in all other transactions of life. Even upon the sidewalk, specially devoted to foot passengers, a man is bound to look where he is going, and this duty is still more imperative when he is about to cross the middle of the street where horses, wagons, and cars have equal rights with himself, and where he is bound to take notice of such other rights, and to use his own with due regard thereto : Schmidt v. McGill, 120 Pa. 412.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 182 January Term 1889, Sup. Ct.; court below, No. 97 September Term 1886, C. P. No. 2.

Joseph A. Buzby brought case against the Philadelphia Traction Co., to recover damages for personal injuries charged to the negligence of the defendant company's employees.

At the trial on October 16, 1888, the facts shown were as follows :

On September 13, 1886, about 8 o'clock in the evening, the plaintiff took one of the defendant's cars passing west on Market street to go to the corner of Market and Thirty-seventh, his destination being a point south of Market street, at that corner. The defendant's line is double tracked on said street, the tracks being about four and one half feet apart, reduced nearly two feet by the overhang of the cars. The back plat-

form of the car was inclosed on the side toward the inside track, and open on the side toward the pavement. When the car stopped at the Thirty-seventh street crossing, the plaintiff alighted, and without waiting for the car to move on, walked around the rear end of it, and attempted to cross the south track, when he was struck by a car going east and seriously injured.

The plaintiff testified that he listened for the sound of an approaching car but heard none and that he looked straight ahead of him only, while there was testimony of other witnesses that had the plaintiff looked he could have seen the approaching car.

Upon the conclusion of the plaintiff's evidence, the court, MITCHELL, J., entered a nonsuit, saying:

" While the well settled rule of law, that a person crossing a railroad track must stop, look and listen, does not apply to city passenger railways, the rule is perfectly plain that a person must look where he is going. It appears from the evidence that the plaintiff stepped off the defendant's car without looking where he was going, and therefore I grant the motion for a nonsuit, and discharge the jury from the consideration of the case."

A motion that the judgment of nonsuit be vacated having been refused, the plaintiff took this writ, assigning as error the order entering judgment of nonsuit, and the refusal of the court to vacate said judgment.

*Mr. Samuel Gustine Thompson* (with him *Mr. Andrew Mac-Bride*), for the plaintiff in error.

Counsel cited : Beach on Cont. Neg., 301; Penna. R. Co. v. Werner, 89 Pa. 59; Phil. & T. R. Co. v. Hagan, 47 Pa. 247; Schum v. Penn. R. Co., 107 Pa. 8; Penn. R. Co. v. Peters, 116 Pa. 215 ; McWilliams v. Keim, 22 W. N. 372; Schmidt v. McGill, 120 Pa. 412.

*Mr. David W. Sellers* (with him *Mr. Gavin W. Hart*), for the defendant in error.

Counsel cited: Carroll v. Penn. R. Co., 12 W. N. 348; Read. etc. R. Co. v. Ritchie, 102 Pa. 425; Moore v. Railroad Co.,

108 Pa. 349; Penn. R. Co. v. Bell, 122 Pa. 58; Marland v. Railroad Co., 123 Pa. 487; Morgan v. Railroad Co., 23 W. N. 189.

OPINION, MR. JUSTICE MITCHELL:

The plaintiff had been carried to his destination, had alighted from the car in a place of safety, and his relation to the defendant as a passenger had ceased. The case therefore is the ordinary one of a traveler about to cross a public street, on which are two sets of railroad tracks, besides the usual space for wagons, etc., between the sidewalks.

Counsel for plaintiff in error seem to lay much stress on the argument that the case is not within the imperative rule for railroad crossings, that the traveler must stop, look, and listen. But no such test was applied in the court below to the plaintiff's conduct. On the contrary, it was expressly disclaimed, though the counsel ·for defendant called attention to the fact that the cars in question were so-called cable cars, whose controlling motive power was steam.

But the case was tried below, and must be tested here upon the universal rule which requires due and ordinary care in crossing public streets, as in all the other transactions of life. Even on the sidewalk, specially devoted to the use of foot passengers, a man is bound to look where he is going, and this duty is still more imperative when he is about to cross the middle of the street, where horses, wagons, and cars have equal rights with himself, and where each is bound to take notice of such other rights, and to use his own with due regard thereto. The language of C. J. GORDON, in Schmidt v. McGill, 120 Pa. 412, is precisely applicable to the present case: " Here was a place where both parties must be on the lookout; the one for passing teams, and the other for foot passengers. Both have the right of way, and both must be equally cautious."

The facts in the present case were undisputed. By his own evidence it appeared that plaintiff got out on the north side of the car, and was in a place of entire safety. If he had looked to the right he could have seen the south track, from which alone danger was to be apprehended, for a square or more to the west, except for a moderate space nearest to him where the car out of which he had just got would obstruct his vision. If he had waited a moment for the car to move on again, he

Syllabus.

would have had an unobstructed view of this space. He neither looked nor waited, but turning sharply around the rear of the car started to cross the street. There was still a chance, however, for prudence and care. The space between the two sets of tracks was four and a half feet, and the overhang of the cars rather less than a foot on each side, still leaving room enough to stand in complete safety where a turn of his head would have shown him the whole track he was about to step on. Instead of looking, he bolted ahead right into the car which was upon him at the instant he set foot on the track.

This was a plain disregard of the dictates of the most ordinary prudence, and there was no room for a jury to be allowed to draw any other inference. The accident was unfortunate, but it was clearly the result of his own negligence, and the nonsuit was properly ordered.

Judgment affirmed.