# Catherine Blaney v. Electric Traction Company, Appellant.

*Negligence—Street railways—Crossing track—Contributory negligence.*

In an action against a street railway company to recover damages for the death of plaintiff's husband, the plaintiff is not entitled to recover where the uncontradicted evidence shows that at the time of the accident the deceased, a man fifty-four years of age and with his full senses, wishing to cross from the north to the south side of an unusually wide street upon which there were two tracks, with a space six feet wide between them, left the curb just as a car approached on the north track; that he stopped about four feet from the track, and as soon as the car passed, without stopping again, started across, and was struck by a car running eastward on the south track.

Argued Jan. 14, 1898. Appeal, No. 293, Jan. T., 1897, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1895, No. 114, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before PENNYPACKER, J.

The facts appear by the opinion of the Supreme Court.

Defendant's point was as follows:

Under all the evidence in this case the verdict must be for the defendant. *Answer:* Refused.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Thomas Leaming*, with him *Thaddeus L. Vanderslice*, for appellant.—The deceased was guilty of contributory negligence: Nugent v. Phila. Traction Co., 181 Pa. 160; Buzby v. Phila. Traction Co. 126 Pa. 559; Rauscher v. Phila. Traction Co., 176 Pa. 349; Flanagan v. R. R., 181 Pa. 237; Baker v. P. R. R., 182 Pa. 336.

*A. S. Ashbridge, Jr.*, for appellee.—Where the degree of care shifts with the circumstances, and the measure of duty is ordi-

nary and reasonable care, the question of negligence, whether of the plaintiff or defendant, is always for the jury: Railroad v. McElwee, 67 Pa. 311; Johnson v. Railroad, 70 Pa. 357; Railway Co. v. Pearson, 72 Pa. 169; McKee v. Bidwell, 74 Pa. 218; Crissy v. Railway Co., 75 Pa. 83; Fox v. Booth, 32 Legal Int. 283; Schum v. Railroad Co., 107 Pa. 8; Railroad Co. v. Coon, 111 Pa. 430; Railroad Co. v. Peters, 116 Pa. 206: Arnold v. Railroad, 115 Pa. 135.

The pedestrian had the right to cross, and the railroad company had a right to operate its cars; both were bound to take reasonable and ordinary care; neither had the absolute right of way: Schmidt v. McGill, 120 Pa. 412; Schwarts v. Brahm, 130 Pa. 411; Bodge v. Phila., 167 Pa. 492; Rauscher v. Traction Co. 176 Pa. 349.

OPINION BY MR. JUSTICE DEAN, February 7, 1898:

John Blaney, husband of plaintiff, while attempting to cross defendant's tracks at Leamey street crossing of Lehigh avenue, on September 21, 1895, was struck by a car and killed. The car tracks are on Lehigh avenue, an unusually broad street; there are double tracks in the centre for cars, running east and west, with a space between of six feet. The deceased attempted to cross from the north to the south side of the avenue; just as he left the curb, a car approached on the north track, the one next him, running westward; he stopped about four feet from the track, and as soon as the car passed, attempted to cross, and was struck by a car running eastward on the south track. There was evidence for the jury, such as rapid running at that point, failure to sound the gong, and inattention of motorman, tending to show negligence of defendant. The plaintiff brought suit for damages. At the trial, the learned judge of the court below, submitted two questions to the jury: 1. Was defendant negligent? 2. Was deceased negligent? The jury found for plaintiff on both, and defendant appeals, assigning for error, the refusal of the court to peremptorily instruct the jury, deceased was guilty of contributory negligence, and therefore plaintiff could not recover.

The defendant called no witnesses; consequently, the only question is, whether plaintiff's evidence disclosed a case of contributory negligence.

The deceased was a weaver by trade, was fifty-four years of age, in full possession of the senses of sight and hearing; had been a resident of the city for several years. He must be assumed to have possessed ordinary intelligence, and therefore, was bound to know the double tracks were for the passage of cars in opposite directions; he stopped until the west bound car passed in front of and away from him, then, immediately started to cross both tracks, and did not stop before being struck. This is testified to by all of plaintiff's witnesses who saw the accident, five in number; two of them state he seemed to " cut catty-cornered " across, as if to avoid the car; one says he ran into the car. But, if any fact can be established by unvarying, concurrent testimony, it is that, immediately after the car passed west, he started to cross the intervening six feet to the other side of the tracks, and did not stop for an instant. As before noticed, he was bound to know a car might be coming east on the far track; that car could be seen, was actually seen approaching, by the witnesses. He could have stopped for a second on the track of the car which had just left him westward, or for half that time on the six feet space between the tracks; if he had done either, he would have been safe; that is, if the coming car had been running, as is argued by appellee, thirty miles an hour (but this is very doubtful); for if he had lost but a second of time on his way to reach the east bound track, the car would have passed him. To bring about the disaster, both had to occupy that particular spot in that particular instant of time. What is the unavoidable inference? Clearly, one of two; either he did not look for a coming car, where ordinary intelligence and care dictated there might be one; or, seeing one perilously near, he recklessly ran the risk of passing in front of it. The argument of appellee that the westward car obstructed his view of the eastbound one is without weight. If he had stopped for a moment on that track to look, the car on the other would have passed him, whether he saw it or not; if he had stopped but a moment on the space between the tracks, he would have seen it coming and safely passing him. From the testimony of the two witnesses who say that without stopping he " cut catty-cornered " across the tracks, it is not improbable that the second inference is correct; that is, he attempted a not unusual experiment, to

match his speed against that of a car. Every day on the streets of this city, we see agile persons bound from one side of the street to the other, rather than wait a second or two until an approaching car which they see passes. Probably nine hundred and ninety-nine get across safely; the one thousandth one miscalculates his own speed or that of the car, by half a second, and is injured or killed. But, whichever of the two inferences in the case before us be correct, each points unerringly to contributory negligence. There was no room on the evidence for the jury to draw a third one, that of ordinary care on part of deceased; for ordinary care suggested that he stop and look for a coming car running east as well as for one runing west.

The judgment is reversed, and judgment is entered for defendant.