# Washington Borough *v.* Smith.

*Municipal lien—Notice—Tenants in common—Question for jury—Service.*

Where an ordinance requires notice to pave sidewalk to be given to the owners, a service on one of two tenants in common is not, in law, a notice to the cotenant; if, however, the tenant served is the agent of the cotenant, such notice will be sufficient and the question of such agency is properly for the jury.

Argued April 17, 1900. Appeal, No. 1, April T., 1900, by defendants, in suit of the burgesses and inhabitants of the borough of Washington in the county of Washington against W. W. Smith and Gertrude S. Miller, from judgment of C. P. Washington Co., Nov. T., 1898, No. 5, on verdict for plaintiff. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed. Opinion by W. W. Porter, J.

Sci. fa. sur municipal lien. Before Taylor, J.

The facts sufficiently appear in the opinion of the court.

The court charged the jury in part as follows:

[If you should find from all the evidence in this case that Mr. Smith was the agent of the other tenant in common in this property, that he collected all the rents and that he managed the affairs of the cotenancy, made the repairs, and that when parties went to Mrs. Miller concerning the property she sent them to Mr. Smith, stating to them that he managed it, although they may have consulted together if anything was to be done, one sent to the other, and from all the facts that have been testified to here concerning that matter you should find that Mr. Smith had charge of this property and managed it for Mrs. Miller as well as himself, with her direction, it will be for you to say whether or not there was not sufficient notice and power given, sufficient notice given him to bind her under all the circumstances under which they held it. You will recollect the testimony of Mr. Bane, the tenant in possession of this property under these two owners, that after the husband of Mrs. Miller died, to whom he applied always for information concerning the manner in which this property was to be repaired, etc.,

after he died he went to Mrs. Miller about it, and she told him that Mr. Smith had charge of this property and managed it, and she did not want to be bothered with it; and Mrs. Miller herself says, gentlemen of the jury, that while she received no formal notice, and she never authorized Mr. Smith to act as her agent in accepting notice for the laying of this pavement, they did meet and talk of the fact that notice had been given to Mr. Smith by the borough to lay this sidewalk, or that the borough was going to require this pavement to be relaid, and this before it was relaid and before she went away in May last, or some time last summer.] [4] . . . .

[So we think that the law is complied with, with regard to notice if, from all the evidence in the case the jury can say simply that they are satisfied that the property owner, or all of them concerned in it, having an interest in it, had notice that unless they relaid the pavement, under the ordinance requirements, if it was out of repair, and unless they relaid it, it would be laid for them at the parties' expense with twenty per centum added ultimately and recovered from them.] [5]

Verdict and judgment for plaintiff for $215.97.    Defendant appealed.

*Errors assigned* among others were (4, 5) to portions of the judge's charge, reciting same.

*T. F. Birch,* for appellants.—It is the intendment of the statutes relating to boroughs, that notice shall be given to every person of a proceeding to fix him for a debt: Watson v. Borough of Sewickley, 91 Pa. 333.

It must be made affirmatively to appear that the acceptance of a notice such as this was a part of the business for which "Mr. Smith" was employed: Morgan v. Wilson, 6 Kulp, 358.

Finally, the question whether an agent has authority to bind his principal, when the facts are undisputed, is a question of law for the court, whether such authority is sought to be sustained by previous authorization, or by subsequent ratification: Gulick v. Grover, 33 N. J. L. 463.

Where an agency rests in parol and there is no dispute as to its terms and no ambiguity which needs explanation, it is for

the court and not for the jury to determine its meaning and effect: Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285.

Many of the principles laid down in the foregoing case are applicable to the case at bar, and we refer to it as ruling many of the points submitted.

*J. P. Miller*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

This proceeding is by scire facias upon a municipal lien for the laying of a sidewalk in front of property owned by W. W. Smith and Gertrude S. Miller.    The lien was filed pursuant to an ordinance of the borough providing that owners of property "shall within twenty days after notice, at their own proper cost and expense, grade, pave and curb the sidewalks in front of their respective properties;" and that "if any lot owner shall neglect or refuse to grade, pave or curb in front of his or her property, after notice given in accordance with the provisions of the 1st section of this ordinance, the authorities of the said borough may cause the same to be done, collecting the cost of the work and material, with twenty per centum penalty in addition, from such lot owner, in the manner provided by the laws of this commonwealth."

It will be observed that the purpose of the notice required is that the property owner may, by doing the work himself, save the penalty imposed.    No particular form of notice is prescribed by the ordinance, nor is the method of giving it specified.    It is sufficient if the owner shall have notice within the contemplation of the general provision.

In this case the property was owned by W. W. Smith and Gertrude S. Miller, jointly.    A written notice was personally served upon W. W. Smith.    This is not denied.    It is, however, contended by the defendants that the notice contemplated by the ordinance was not given to Mrs. Miller.

The notice served on Smith was addressed to "Smith and Miller."    It is contended by the plaintiff that, as the parties were tenants in common, the service of notice on Smith was notice to Mrs. Miller.    In Darlington v. The Commonwealth, 41 Pa. 68, a notice, required to be given to property owners of

an intended opening of a street through their property, was held to be sufficient if actually given to one of two tenants in common. The notice was personal and not written. Apparently, it was not transmitted by the owner notified, to his cotenant. The principal ground upon which it was held to be good as to both was that the proceeding affected only the possession of the owners, and that, being tenants in common, the possession of one was the possession of both. The case does not decide the one before us. While service on Smith was not, in law, notice to Mrs. Miller, yet the fact that the parties had a joint interest in the property has a bearing on the subsequent discussion, relative to the agency of Smith.

The plaintiff contends that Smith was in fact the agent of Mrs. Miller in the management of the property, as well as a tenant in common with her. The testimony in the cause showed that Smith attended to the renting of the property, and the collecting of the rents, that he paid the taxes, and that he attended to the repairs with the consent of Mrs. Miller. This, Smith admits, but at the same time denies that he had authority to act for Mrs. Miller in respect to the laying of the sidewalk. Mrs. Miller denies that Smith was her agent, but does not deny, in terms, his collection of the rents, etc. She denies receiving any notice of the intended paving of the sidewalk. Her testimony clearly shows, however, that she had some knowledge of it by publication, and that she had a conversation with Mr. Smith, her cotenant, on the subject, before the pavement was laid and before the notice was served. The tenant of the property testifies that he had no dealings with Mrs. Miller in respect to the property; that he did go to her once, but that she gave him to understand that Mr. Smith had the control of it, and that she had given up the management of it to him. This testimony is not conclusive proof of the agency. Taken, however, in connection with the facts that the parties were mutually interested in the property; that Mrs. Miller was absent from the borough beyond the personal service of the notice; that the work to be done was a public improvement; that no specific form or method of service of the notice was prescribed by law; that one tenant in common may bind his fellows for absolutely necessary repairs to the joint property; that the purpose of the notice was to afford relief from a penalty, rather than to fix an

original liability; the court committed no error in submitting to the jury the questions of notice and of agency, as was done in the charge.

We have given the assignments careful consideration, and find that none discloses error sufficiently substantial to warrant a reversal.

The judgment is affirmed.