## Gray *v.* Fort Pitt Traction Company.

*Negligence—Street railways—Crossing tracks—" Stop, look and listen."*
In an action against a street railway company to recover damages for personal injuries, a nonsuit is properly entered where it appears from the plaintiff's own evidence that after alighting from a car, he immediately turned behind the car and started toward the other track without stopping, looking or listening, and was immediately struck by a car on that track, the view of which had been obstructed by the car from which plaintiff alighted, and that he was warned of his danger by the motorman of a car following the car from which he alighted, and could have saved himself if he had heeded the warning.

Argued Oct. 25, 1900. Appeal, No. 148, Oct. T., 1900, by plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1897, No. 637, refusing to take off nonsuit in case of Andrew Gray v. Fort Pitt Traction Company and the Consolidated Traction Company. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FRAZER, J.

The facts appear by the charge of the court which was in part as follows:

This is an action brought by Andrew Gray against the Fort Pitt Traction Company and the Consolidated Traction Com-

pany, lessee, to recover compensation for injuries sustained by plaintiff on June 24, 1896.

It appears from the testimony in the case that Mr. Gray was a passenger upon one of the cars of the defendant company. In East Liberty he boarded what is known as a Fort Pitt car, which runs along Center avenue to Liberty avenue, and along Liberty avenue into the business part of the city. That car was followed at some distance by a Bloomfield car. The Bloomfield cars run out Fifth avenue and across Millvale avenue into Bloomfield, then around onto Penn avenue, and come into the city in that way, running onto Liberty avenue a short distance.

When the car upon which Mr. Gray was a passenger arrived at Taylor street it was stopped, Mr. Gray alighting from it. He had a bucket on his left arm, and also had some flowers in his left hand. According to his testimony, after alighting from the car he took one step toward the pavement, that would be toward the north side of Liberty street, and he says he looked east and also looked west to see if there was a car coming, and he said he saw none; he then turned behind the car from which he had alighted to cross to the south side of Liberty street. As you know each car has a number upon its front and rear ends, and he says he was about opposite the number on the rear of the car, when some one, he thinks it was the motorman upon the Bloomfield car which had stopped some thirty or forty feet behind the car from which he had alighted, but at all events some one called to him to "lookout." That he turned his head toward the Bloomfield car and saw it standing there, but kept on walking toward and upon the east-bound track, and almost at the same instant, or within a few seconds afterwards, he was struck just as he had gotten upon the east-bound track by a car coming from the city, and seriously injured.

\*      \*      \*      \*      \*      \*      \*      \*

In this case when Mr. Gray alighted from the car onto the street he was in a place of safety, and it was his duty to remain there or to go to the sidewalk, and wait until the road was clear, or until he could see that it was clear. He says he looked toward the west and he saw no car coming; his view must necessarily have been obstructed by the car from which he alighted; he immediately turned behind the car and started

toward the other track, walking between the car from which he had alighted and the Bloomfield car and walked upon the east-bound track without stopping, looking or listening.   Under the law I think he was guilty of contributory negligence and consequently cannot recover in these proceedings.   He says he ought not to be held to strict accountability because he was in a place of danger and sudden peril.   I am not sure that the doctrine applicable to cases of sudden peril applies in this case, but if it does, he got in that perilous position by his own fault, it was his own act that put him there, and under those circumstances the rule does not apply so as to relieve him from liability for a negligent act.   Where a man finds himself in sudden peril through no fault of his own, and does what a prudent man would not do under other circumstances, the law does not hold him to the same strict accountability that it would if he was not in peril, but if the perilous position in which he finds himself is the result of his own act, he is not relieved from exercising ordinary care.   According to the testimony of Mr. Gray himself he was not in a place of danger at any time until he got on the east-bound track, and at the time he was called to by the motorman on the Bloomfield car he was in no danger if he had heeded the warning and stopped.   He was at that time on the west-bound track, about the middle of it, or at least between the center of it and the south rail, and in no place of danger, if his testimony is true that the Bloomfield car was standing still some thirty or forty feet east of where he was. Under those circumstances, stepping onto the east-bound track without stopping and looking was contributory negligence upon his part, and therefore he cannot recover in these proceedings.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*D. M. Miller*, with him *C. W. Reamer*, for appellant.—Plaintiff's evidence does not show any contributory negligence : Penna. R. Co. v. Werner, 89 Pa. 59; Leggett v. Western N. Y., etc., R. R. Co., 143 Pa. 39; Blaney v. Electric Traction Co., 184 Pa. 524; Phila. & Reading R. R. Co. v. Carr, 99 Pa. 505; Dunseath v. Pittsburg, etc., Traction Co., 161 Pa. 124; West Phila. Ry. Co. v. Mulhaw, 6 W. N. C. 508.

*J. H. Beal*, with him *P. C. Knox* and *James H. Reed*, for appellee, were not heard, but in their printed brief said: The case we submit is squarely ruled by Buzby v. Phila. Traction Co., 126 Pa. 559, Blaney v. Electric Traction Co., 184 Pa. 524, Nugent v. Phila. Traction Co., 181 Pa. 160, and Watkins v. Union Traction Co., 194 Pa. 564.

PER CURIAM, January 7, 1901:

The only question presented for our consideration on this appeal was whether the court below erred in holding that there was contributory negligence on the part of the plaintiff which prevented a recovery of damages for an injury he received while attempting to cross in front of the defendant's car. An examination of the evidence in the case plainly shows that the plaintiff's contributory negligence fully justified the court in entering the nonsuit and refusing to take it off. If authorities are needed to support the conclusion arrived at by the court below, it is sufficient to refer to the following cases, to wit: Buzby v. Phila. Traction Co., 126 Pa. 559; Blaney v. Electric Traction Co., 184 Pa. 524; Nugent v. Phila. Traction Co., 181 Pa. 160; Watkins v. Union Traction Co., 194 Pa. 564.

Judgment affirmed.