# Black v. Roebuck.

*Road law—Sidewalks—Duties of owners—Boroughs.*

Under the general Borough Act of April 3, 1851, P. L. 320, boroughs have power to require lot owners to curb and gutter sidewalks at their own expense, and this may be done by ordinance in a specific case without any prior ordinance containing general regulations as to guttering and curbing.

*Road law—Sidewalks—Guttering and curbing — Notice— Nonresident owner.*

If a nonresident owner of land in a borough does in fact receive a notice at his home to recurb and gutter a sidewalk in the borough, it is not material whether the occupant of the premises in the borough is served with the notice or not. The purpose of serving a notice on an occupant is to have it conveyed through him to the owner.

Where a notice to recurb and gutter a sidewalk is sent by mail to a nonresident owner, and the same has been received by him, the notice is sufficient, although the occupant of the premises has not been served.

Argued Nov. 23, 1900. Appeal, No. 195, Oct. T., 1900, by plaintiff, from order of C. P. Del. Co., March T., 1900, No. 19, distributing a fund raised by a sheriff's sale of real estate in case of J. Frank Black et ux. v. William Roebuck et al. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule on sheriff to pay money into court and to take money out of court.

The case was heard by the court without a jury.

From the record it appeared that the fund in controversy amounting to $432.40 was raised by the sale of certain premises on Ninth street in the borough of Upland. The liens in point of time were first a mortgage of $3,000, owned by the plaintiff, and second, municipal liens for guttering and paving sidewalk on Ninth street and on Main street. The first municipal lien, Borough of Upland v. Agnes R. Conwell, was for $143.93, the other was against Gerritt P. Rogers, for $216.74. Objection was made to the municipal liens, first because the work had not been done in accordance with a general regulation, and second, because legal notice had not been given. As to the Conwell lien, notice had been served upon the occupant, as to the Rogers lien no notice had been served upon the occupant, but notice had been mailed to the nonresident owner, and had been received by him. Other facts relating to the notices appear by the opinion of the Superior Court.

The court awarded the whole fund to the borough of Upland.

*Error assigned* was the order of the court.

*J. B. Hinkson,* for appellants.—The regulations must have been by a prior ordinance: Beltzhoover Boro. v. Maple, 130 Pa. 337.

The kind of general regulations necessary are found illustrated in Steelton Borough v. Booser, 162 Pa. 630.

The act says that in case of nonresidents, the occupiers shall be served with notice: Act of April 3, 1851, sec. 3, P. L. 320.

*W. B. Broomall,* for appellee.—Appellants' first objection has

already been ruled against her: Smith v. Kingston Borough, 120 Pa. 361.

Evidence of the mailing of a notice to a person at his post office address is prima facie evidence that he received it: Folsom v. Cook & Co., 115 Pa. 539; Jensen v. McCorkell, 154 Pa. 323; McSparran v. Southern Mutual Ins. Co., 193 Pa. 184.

OPINION BY ORLADY, J., July 25, 1901:

The controversy in this case is over a fund realized from a sheriff's sale of certain real estate in the borough of Upland, incumbered with a mortgage owned by the plaintiff and two municipal liens filed against the property by the borough for guttering and paving a sidewalk. The appellant concedes that if the liens are valid, they have priority over the mortgage, but contends that the work was not done in accordance with a general regulation prescribed, and that legal notice had not been given by the borough of its intention to pave. The liens were filed under the provisions of the general borough law of 1851. The ordinance on which the lien against Cromwell is founded authorized the curbing and guttering of all lands fronting on Ninth street between the east side of Main street and the eastern end of Ninth street, and provided that on the landowner's failure to do the work within thirty days after the date of the ordinance, the borough would cause the curbing and guttering to be made and would collect from the owner the cost of the work and material in accordance with the act of assembly. Notice of the requirement of the ordinance was personally served on the occupant of the premises and on the two local agents of the owner, who was a nonresident. The notice to pave and gutter was sent to the other owner, by mail to his post-office address. He acknowledged receipt of the bill for the work done by the borough and offered to pay the sum demanded except the twenty per cent penalty. The liens were filed against the named record owners of improved property, the reputed owners, or whoever may be the owners."

The Cromwell lien is a valid one under the authority of Smith v. Kingston Borough, 120 Pa. 357, and the notice in the Rogers case we deem sufficient. If a nonresident owner does in fact receive the notices at his home, it is not material whether the occupant of the premises is served with the notice or not. The

purpose of serving a notice on an occupant is to have it conveyed through him to the owner.

The ordinances define and prescribe the requirements to be observed in order to lien the land for the improvements. In each instance the prescribed method or regulation fixed by the ordinances for doing the work was complied with in giving the notices to the parties affected by the requirement, and in directing the owners of the property to gutter and pave in conformity with the method prescribed. Notice is knowledge, or information legally equivalent to knowledge, brought home to the party notified in immediate connection with the subject to which the notice relates. It is therefore not the sending but the receipt of a letter which will constitute notice. There is no presumption of law that a letter mailed has been received. The question is necessarily one of fact and solely for the determination of the jury under all the evidence (McSparrow v. Southern Mutual Ins. Co., 193 Pa. 184), and under the evidence in this case the fact of the notice to Rogers was correctly found.: Folsom v. Cook & Co., 115 Pa. 539 : Jensen v. McCorkell, 154 Pa. 323 ; Russell v. London Assurance Corp., 1 Pa. Superior Ct. 320 ; Washington Borough v. Smith, 14 Pa. Superior Ct. 590.

The judgment is affirmed.