## Sakall, Appellant, v. Baltimore & Ohio Railroad Co.

*Negligence—Railroads — Crossings — "Stop, look and listen"—Contributory negligence—Judgment on record—Act of April 20, 1911, P. L. 70.*

In an action against a railroad company for personal injuries sustained at a grade crossing, it is proper to enter judgment on the whole record under the Act of April 20, 1911, P. L. 70, where the evidence shows that at the crossing there were two tracks, that if plaintiff had looked, at a point five feet away from the first track, he could have seen a train approaching on the second track for a distance of 600 or 700 feet, and that if, after crossing the first track safely, he had looked before entering on the second track, he could have avoided the accident.

Argued October 10, 1921.  Appeal, No. 17, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1917, No. 1814, for defendant on the whole record, in case of Steve Sakall v. Baltimore & Ohio Railroad Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on the whole record under Act of April 20, 1911, P. L. 70: 68 Pitts. L. J. 628, opinion by SHAFER, P. J.  Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*John P. Egan* and *F. C. McGirr*, for appellant.

*Allen T. C. Gordon*, with him *William Watson Smith*, for appellee.

PER CURIAM, January 3, 1922:

The trial of this case resulted in a disagreement of the jury; defendant moved for judgment on the whole rec-

ord, under the Act of April 20, 1911, P. L. 70, which was granted, and plaintiff has appealed.

The following excerpts from the opinion of the court below correctly disposes of the points involved: "It appears from plaintiff's evidence that Huey Street [in the City of McKeesport] crosses [defendant's] railroad at right angles; the railroad tracks consisted of a siding which came within a few feet of the crossing, but did not go over it; after that, in the direction in which plaintiff was moving, there were three tracks of the Baltimore & Ohio Railroad, the first being for trains going towards Pittsburgh, the second for trains going towards Brownsville, the third a siding, and beyond these were other tracks of the Pittsburgh & Lake Erie Railroad. The account of the accident given by plaintiff and his witnesses is that, when he came to the crossing, the safety gates were up; there were cars standing on the siding on his right, which obstructed his view [in that direction]; he stopped at a point where he could see past the edge of these cars towards Pittsburgh about a hundred feet, and looked and listened; seeing and hearing nothing, he proceeded to cross the tracks. He says that, when he was on the first track, he was looking towards Brownsville; then he kept on going, looking up the Brownsville way, and then turned the Pittsburgh way, and then he was struck. Again he said: 'When I kept on going as I turned the Pittsburgh way, looking, then I got hit.'...... At a point five feet from the first track, his view was no longer obstructed by the cars standing on the siding, and he had an unobstructed view of the tracks for a distance of six or seven hundred feet in the direction of Pittsburgh......According to the scale of plaintiff's plan, the distance [between the first and second tracks] was eight feet. We have therefore a case in which plaintiff, if he had looked, at a point five feet away from the first track, could have seen the approaching train for a distance of six or seven hundred feet, and if, after crossing the first track safely, he had looked before entering on

the second track, he would have been in perfect safety so far as the distance between the tracks is concerned. The conclusion is unavoidable that plaintiff entered on the second track without looking on that track until he had stepped upon it, as he practically says was the case; or else, if he looked before he stepped upon it, he failed to see that which was plainly before him and could be seen for many hundred feet......Plaintiff cannot recover, by reason of his contributory negligence, and that negligence is so plainly manifest, from the evidence, that there is no question for a jury."

The judgment is affirmed.