# Nolder *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads — Crossings — "Stop, look, and listen"— Contributory negligence—Evidence.*

1. It is a traveler's duty to keep a lookout while crossing the tracks of a railroad, as well as to stop before attempting to cross.

2. A pedestrian is guilty of contributory negligence if he approaches a double track railroad, stops, looks and listens, and then, without further stopping, walks over the first track and the space between the two tracks, and as he steps into the middle of the second track is struck by a passing train, which he could have seen by the merest glance if he had looked before committing himself to the second track.

3. In such case it is futile for him to say that his view was obstructed by a passing train, which had just passed on the first track in a direction opposite to that of the train which struck him.

Argued October 9, 1923. Appeal, No. 49, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 2794, on verdict for plaintiff, in case of James G. Nolder v. Pennsylvania Railroad Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before KLINE, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $8,750. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendant, quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant, cited: Mensch v. Director Gen., 274 Pa. 356; Provost v. Director Gen., 265 Pa. 589; Sakall v. R. R., 272 Pa. 89; Krenn v. R. R., 259 Pa. 443.

*H. Fred Mercer,* for appellee, cited: Kelly v. Director Gen., 274 Pa. 470; Kobylis v. Ry., 261 Pa. 350; Murtagh v. Director Gen., 271 Pa. 290; Lotz v. R. R., 247 Pa. 206; Hoffmeister v. R. R., 160 Pa. 568; Muscarro v. R. R., 192 Pa. 8; Struble v. Pennsylvania Co., 226 Pa. 118; Baxter v. Ry., 264 Pa. 467.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1924:

Defendant appeals from a judgment against it following a verdict assessing damages to plaintiff for personal injuries he received as a result of being struck by a train at a grade crossing.

The case is within narrow bounds and involves a determination of whether plaintiff was contributorily neg-

ligent. As he approached the double track road of appellant he stopped and a freight train passed him on the nearest track. After it had gone by he crossed that track, observing the end of the receding train for at least a hundred feet as he was crossing the first track and the space intervening between it and the second. When he stepped into the middle of the second track he was struck by another freight train, approaching in the opposite direction from the one which had passed him. The endeavor is made to excuse his failure to see the approaching engine whose headlight indisputably was lit, by the allegations that the train which passed obscured his view, that it was dark and that snow flurries interfered with his vision. Actual measurements show that from the center of the first track observation of the second could be had in the daytime for a distance of 900 feet.

Plaintiff testified he looked in both directions, listened and proceeded across the tracks and that when he had taken one step into the second track he saw the locomotive so close upon him that he could not escape it. He admits he saw the rear of the train which had passed him when it was 100 feet away, and that he knew, from his familiarity with the crossing, that the passing train would obstruct his full view of the other track because of a curve until it was 200 feet beyond him, in his own language "its got to be 200 feet past before you can get a plain view of a train coming around the bend." Notwithstanding his knowledge of this situation, he attempted to make the crossing before the retreating train cleared the additional 100 feet which would have enabled him to see the other track for a sufficient distance to safeguard himself against the train approaching on it. A wait for a moment would have shown the danger. Under these circumstances, his own lack of caution bars recovery. "It is true beyond a doubt that the merest glance, with attention, to the north would have shown the approach of the train which subsequently struck [him] almost immediately upon [his] entrance on the

track": Provost v. Director General of Railroads, 265 Pa. 589, 592. "If, after crossing the first track safely, he had looked before entering on the second track, he could have avoided the accident": Sakall v. B. & O. R. R. Co., 272 Pa. 89. Neither the darkness nor the snow flurries obscured his view of the retreating train; they, therefore, could not have been sufficient to efface that of the oncoming locomotive, with its headlight giving warning, had he but looked before committing himself to crossing the second track. "It is a traveler's duty to keep a lookout while crossing the tracks as well as to stop before attempting to do so": Krenn v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 259 Pa. 443, 446. What was said by Mr. Justice DEAN in Ayers v. Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co., 201 Pa. 124, 126, is most pertinent to the case in hand: "Leaving out of view the conduct of the flagman [who had signalled plaintiff to cross] the plaintiff was unquestionably under all of our authorities guilty of contributory negligence. He stopped, looked and listened before he put his foot on the roadbed; he saw the freight train running east and waited until it had passed; it then shut off his view to the east and he could not see if a train were approaching from that direction; if he had assumed, because he did not see one, no train was approaching, and had attempted to cross and been struck, then he assumed the grave risk of a mere guess and could not recover."

The analogy is very close between the instant case and those in which accidents have occurred on two-track street railways, where a pedestrian has walked around the rear of a car on one track and been injured by a car approaching in the opposite direction on the other. In Ollis v. Phila. Rapid Transit Co., 244 Pa. 355, we held binding instructions for the defendant should have been given where a boy in crossing, after dark, a street running north and south on which the double tracks of defendant's street railway lay, passed directly behind a

northbound car, and was struck by one southbound when he stepped on the southbound track; in Gray v. Fort Pitt Traction Co., 198 Pa. 184, affirming Mr. Justice FRAZER, then sitting in the Common Pleas of Allegheny, it was decided, where plaintiff, after alighting from a car, turned behind it and started toward the other track and was immediately struck by a car on that track, the view of which had been obscured by the one from which he alighted, there could be no recovery; in Blaney v. Elec- tric Traction Co., 184 Pa. 524, recovery was denied where plaintiff's decedent in the act of crossing a street stopped about four feet from the north track on which a car approached and as soon as it passed, without stopping again, started across, and was struck by a car on the south track; and in Buzby v. Phila. Traction Co., 126 Pa. 559, we likewise determined, where plaintiff got off a cable car and, without waiting for it to move on, turned sharply around the rear and started to cross the street without looking and was struck by a car proceeding in the direction opposite to that from which he had alighted.

For the reasons stated and under the authorities cited, we are compelled to hold judgment should have been entered for defendant notwithstanding the verdict.

Judgment is reversed and entered for defendant.