## Fitzgerald, Appellant, *v.* Tone et al.

*Negligence—Street cars—Alighting from—Collision with other car—Contributory negligence.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff, a pedestrian, was struck by a street car when he had stepped back to avoid a car coming in the opposite direction. Before attempting to cross the street the plaintiff had seen the eastbound car, and had properly judged that he had time to cross the street. He, however, neglected to observe the movement of a westbound car, until looking up, he saw that it was almost upon him. When he stepped back to avoid the westbound car he was hit by the car going in the opposite direction.

Under such circumstances, judgment is properly entered for the defendant non obstante veredicto. The negligence of the plaintiff in going in front of the westbound car was the cause of his backward movement, which resulted in the accident, and he cannot excuse the exercise of poor judgment in getting out of danger, for his own act placed him in it.

Argued April 22, 1926. Appeal No. 64, April T., 1926, by plaintiff, from judgment of C. P. Allegheny County, April T., 1923, No. 2459, in the case of John J. Fitzgerald v. S. L. Tone, Charles A. Fagan and W. D. George, Receivers of the Pittsburgh Railways Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1650. Subsequently the Court on motion entered judgment in favor

264    FITZGERALD, Appellant, *v.* TONE et al.

Assignment of Error—Opinion of the Court.  [88 Pa. Superior Ct.

of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was the decree of the Court.

*O. K. Eaton,* and with him *W. H. Coleman,* for appellant.

*William A. Challener,* for appellee.

Opinion by Trexler, J., July 8, 1926:

The plaintiff was about to cross a street on which was a double track of street railway. He stopped at the curbstone and looking east, saw a street car approaching about four hundred feet away and looking west, he saw another car approaching on the same street, three or four blocks away. He then walked toward the nearest track and when one foot away from the first rail, saw the car coming from the east about sixty feet away and apparently slowing down in order to stop. There were people waiting to get on the car and three or four of them had signalled the motorman to stop. The stop was a safety stop where the cars always stopped, whether passengers got on or not. He proceeded to cross the track in front of the car approaching from the east and came to the "dummy," which is a space of four feet between the tracks, looked to the west and saw the car, which he had previously noticed three or four squares away, within twenty feet of him and coming on. Being caught between the two cars, he stepped back three steps in front of the eastbound car which had increased its speed and was struck and injured by the eastbound car.

The verdict was in favor of the plaintiff and the court afterwards entered judgment in favor of the defendant n. o. v. The plaintiff was right in anticipating that he could cross the track safely so as to escape the

eastbound car; he however, failed in his duty when, before he attempted to cross, he neglected to look for the westbound car, which he had seen and knew was approaching. He took his chances in that respect.

If we admit that the motorman on the eastbound car was negligent in not stopping, we must also take into consideration that the failure of the plaintiff to look for the westbound car contributed to the accident. There is no allegation that there was negligence in the operation of the westbound car and the duty of stopping which is the only possible basis of negligence on the part of the eastbound car, does not apply to the westbound car. Plaintiff does not say that he essayed to cross the street in front of both cars because the motormen of both cars were in duty bound to stop them.

Although he was struck by the eastbound car, his negligence in going in front of the westbound car was the cause of his backward movement which resulted in the accident. He cannot excuse the exercise of poor judgment in getting out of danger, for his own act placed him in it. "The doctrine that a man in a position of danger is not responsible for the results of an error of judgment committed in his attempt to get out of it, is to be taken with the essential qualification that he must have gotten into the danger without negligence or fault of his own." Aiken v. P. R. R., 130 Pa. 380. See also Montgomery v. Philadelphia, 270 Pa. 346.

If the space between the two tracks, known as "the dummy," were wide enough to afford a place of safety, as is usual in steam railways, it would be the pedestrian's duty to look for a car approaching on the second track after he in safety crossed the first track. Nolder v. Pennsylvania R. R. Co., 278 Pa. 495. Where the dummy is so narrow as to make it impossible for one to occupy it when two cars are passing each other, it would emphasize the duty of one about to cross

a double railway track to look in both directions before attempting to cross. "It being the duty of a pedestrian to keep a lookout while crossing the tracks, one who steps upon a second track, after crossing the first, and is immediately struck by an engine or car plainly visible before he stepped thereon, will, in general, be held guilty of contributory negligence." Patton v. George et al., Receivers, Appellants, 284 Pa. 342, 345, (a street railway case).

The judgment is affirmed.